Lundberg Stratton, J.,
concurring.
{¶ 31} While I appreciate that sometimes it is difficult to establish the date of sale under R.C. 5713.03 for considering the true value for taxation purposes, I am concerned that the majority implies that only the conveyance-fee date establishes the date of sale for purposes of evaluation by the auditor.
{¶ 32} I believe that using the date the conveyance-fee statement is filed to establish the date of sale is a useful point in assisting the auditor in determining value. However, such a rule should be a rebuttable presumption and an evidentiary tool only. Language fixing the date of the sale does not appear in the statute. The General Assembly did not establish the date of the conveyance fee as the date of sale, and this court should not add such language to the statute. The parties should be allowed to present evidence at hearings before a board of revision and the Board of Tax Appeals to establish that the true date of sale is a different point from the date of the filing of the conveyance fee.
{¶ 33} However, because the majority includes the following language in its syllabus, “[T]he auditor should use the date that the real property conveyance-fee statement is filed in the auditor’s office as the sale date of the property,” I believe that this language may be interpreted to permit the parties to submit evidence of a different date of sale to rebut the conveyance date. Thus, I concur.
Cupp, J., concurs in the foregoing opinion.